**Gaspar PEÑA–GARCIA, Petitioner,**

v.

**John ASHCROFT,\* Attorney General, Respondent.**

**No. 00–71277.**

**I & NS A77–464–893.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2002 \*\*.

Decided Feb. 12, 2002.

Before TROTT, THOMAS, and WARDLAW, Circuit Judges.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*\*

Petitioner Gaspar Peña–Garcia ("Peña") petitions for review from the Board of Immigration Appeals' ("BIA") dismissal of his BIA appeal after Peña was removed from the United States. Under 8 U.S.C. § 1252(d), we have jurisdiction to review only the dismissal of the appeal, which was deemed withdrawn by operation of law. *See* 8 C.F.R. § 3.4. Because none of Peña's claims relate to the validity of the BIA's dismissal, we dismiss the petition for lack of jurisdiction.

Peña contends that his removal was executed unlawfully because his counsel was not given notice and the removal order was not final. We lack jurisdiction to review this claim because Peña never appealed the removal order to the BIA and thus failed to exhaust available administrative remedies. *Ochave v. INS,* 254 F.3d 859, 867 (9th Cir.2001) ("'Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.'"). Even if we had jurisdiction, we would reject this claim because Peña's counsel did in fact have notice of the removal order, as evidenced by the two requests for stay of removal he filed. Moreover, the removal order became final because Peña did not timely appeal it. 8 C.F.R. § 3.39.

Peña next argues that he was statutorily eligible for cancellation of removal; he was not given adequate written notice of a hearing before the Immigration Judge ("IJ"); the IJ erred in denying his motion to reopen for failure to comply with *Matter*

---

\*\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

*of Lozada,* 19 I & N Dec. 637(BIA); and the IJ erred in ruling that he did not comply with the numerical limitation on motions to reopen in 8 C.F.R. § 3.23. We lack jurisdiction to review these claims because the former two were not raised before either the IJ or the BIA, while the latter two were not presented to the BIA.

Finally, Peña contends, for the first time on appeal, that the one motion limitation in § 3.23 violated his constitutional due process and equal protection rights. We have discretion to review a purely legal issue raised for the first time on appeal, unless the other party would be prejudiced by the failure to raise the issue. *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996). However, we decline to exercise our discretion here because neither party fully briefed this issue.

PETITION DENIED.